**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4224

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MITCHELL MCNEIL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:23-cr-00065-D-RJ-2)

Submitted:  April 23, 2026                     Decided:  April 27, 2026

Before NIEMEYER, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  John G. Baker, Federal Public Defender, Joshua B. Carpenter, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Asheville, North Carolina, for Appellant.  W. Ellis Boyle, United States Attorney, Lucy Partain Brown, Assistant United States Attorney, Sarah E. Nokes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mitchell McNeil appeals the 300-month sentence imposed after he pled guilty, pursuant to a plea agreement ("the Agreement"), to conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine and 50 grams or more of marijuana, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(A), 846; distribution of 50 grams or more of methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 2; and possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).  On appeal, McNeil asserts that the Government breached the Agreement by seeking, and ultimately receiving, an enhancement to his offense level based on McNeil's possession of a dangerous weapon, in accordance with U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2024).  McNeil contends that the Government was barred from seeking this enhancement because this was not a stipulated sentencing factor in the Agreement.  Upon review, we conclude that there was no breach of the plea agreement and therefore affirm.

"Because [McNeil] did not challenge the government's purported breach of the plea agreement before the district court, we review his claim for plain error." *United States v. Edgell*, 914 F.3d 281, 286 (4th Cir. 2019).  "Under that standard, [McNeil] must show that the government plainly breached its plea agreement with him and that the breach both affected his substantial rights and called into question the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 286-87.

"Plea agreements are grounded in contract law, and both parties to a plea agreement should receive the benefit of their bargain." *United States v. Tate*, 845 F.3d 571, 575 (4th

2

Cir. 2017).  Thus, "[t]he government breaches a plea agreement when a promise it made to induce the plea goes unfulfilled."  *Id.*  "However, a central tenet of contract law is that no party is obligated to provide more than is specified in the agreement itself.  Accordingly, in enforcing plea agreements, the government is held only to those promises that it actually made to the defendant."  *Id.* (internal quotation marks and brackets omitted).

In this case, the Agreement provided that it contained the entirety of the agreement between the parties and that there existed no other agreements or terms.  The Agreement also listed the only sentencing factors to which the parties stipulated, and indicated that the Government reserved its right to present any evidence and information at sentencing and to make a sentence recommendation.  However, nothing in the Agreement limited the parties from arguing about the applicability of other sentencing factors.  We therefore reject McNeil's argument that the Government breached the Agreement by seeking application of the dangerous weapons enhancement to his offense level.  *See, e.g.*, *United States v. Johnson*, 119 F.4th 343, 351 (4th Cir. 2024) (finding that similar provisions undermined defendant's argument that government agreed not to argue for a sentence above the applicable Sentencing Guidelines range).

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3